UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN FISCHLER, Individually and on behalf of all other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE JACK PARKER CORPORATION, <br><br> Defendant. | ECF CASE <br><br> No.: _____ <br><br> <u>CLASS ACTION COMPLAINT</u> <br><br> JURY TRIAL DEMANDED |

<u>INTRODUCTION</u>

1.      Plaintiff Brian Fischler, who is legally blind, brings this civil rights action against Defendant The Jack Parker Corporation, d/b/a Truffles ("Jack Parker") for its failure to design, construct, maintain, and operate its Websites, www.truffles.nyc, www.parkertowers.nyc and www.biltmore.nyc (the "Websites"), to be fully accessible to and independently usable by Plaintiff Fischler and other blind or visually-impaired people. Jack Parker denies full and equal access to its Websites.

2.      Plaintiff Fischler, individually and on behalf of others similarly situated, asserts claims under the Americans With Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL") against Truffles.

3.      Plaintiff Fischler seeks a permanent injunction to cause Truffles to change its corporate policies, practices, and procedures so that its Websites will become and remain accessible to blind and visually-impaired consumers.

THE PARTIES

4.     Plaintiff Fischler is, at all relevant times, a resident of Astoria, New York, Queens County. As a blind, visually-impaired handicapped person, he is a member of a protected class of individuals under Title III of the ADA, under 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, the NYSHRL and NYCHRL.

5.     Jack Parker is at all relevant times a domestic business corporation that is organized under New York law, and authorized to do business in the State of New York.

JURISDICTION AND VENUE

6.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff Fischler's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332.

7.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff Fischler's NYSHRL, N.Y. Exec. Law Article 15, and NYCHRL, N.Y.C. Admin. Code § 8-101 *et seq.*, claims.

8.     Venue is proper under 28 U.S.C. §§1391(b)(1), 1391(c)(2), 1391(d): Jack Parker is a domestic business corporation with its headquarters in this District at 118 West 57th Street, New York, New York. It would thereby be considered a resident of this District if it was a separate state.

9.     This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>NATURE OF ACTION</u>

10.     Blind and visually impaired users of Windows operating system-enabled computers and devices have several screen-reading software programs available to them. Some of these programs are available for purchase and other programs are available without the user having to purchase the program separately. Job Access With Speech ("JAWS") is currently the most popular, separately purchased and downloaded screen-reading software program available for a Windows computer.

11.     For screen-reading software to function, the information on a websites must be capable of being rendered into text. If the website's content is not capable of being rendered into text, the blind or visually impaired user is unable to access the same content available to sighted users.

12.     The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published version 2.0 Level AA of the Web Content Accessibility Guidelines ("WCAG 2.0"). WCAG 2.0 are well-established guidelines for making websites accessible to blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure its websites are accessible.

13.     For a website to be equally accessible to a blind or visually impaired person, under these guidelines, it should have following:

            a.      Alternative text ("alt-text") or text equivalent for every non-text element. Alt-text is an invisible code embedded beneath a graphical image on a websites. Web accessibility requires that alt-text be coded with each picture so that screen-reading software can speak the alt-text where a sighted user sees pictures, which includes captcha

prompts. Alt-text does not change the visual presentation, but instead a text box shows when the mouse moves over the picture. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics, depriving that person from knowing what is on the website.

       b.      Videos have audio description.

       c.      Title frames with text are provided. Absent these titles, navigating a website is particularly difficult.

       d.      Webpage headings are properly labeled with the topic or purpose of the webpage, versus being blank. Screen readers read out page headings, allowing users to quickly skip to a section. Navigation is, however, very difficult without those headings.

       e.      Equivalent text is provided when using scripts.

       f.      Forms may be completed with the same information and functionality as for sighted persons. Absent forms being properly labeled, it is difficult for a visually impaired or blind individual to complete the forms, as they do not know what the fields, how to input data, or what options to select (e.g., selecting a date or a size). A compliant websites will, instead, provide labels or instructions when content requires user input. This includes captcha prompts, requiring the user to verity that he or she is not a robot.

       g.      Information about the meaning and structure of content is conveyed by more than the visual presentation of content.

h.     Web pages do not share the same ID or title. When two or more elements on a web page share the same ID or title, it cause problems in screen readers which use IDs for labeling controls and table headings.

i.     Linked images must contain alt-text explaining the image. Absent that alt-text, a screen reader has no content to present the user as to what the image is.

j.     The purpose of each link is easily determined from how the link is labeled. Absent properly labeling each link or when no description exists, it confuses keyboard and screen-reader users as they do not know the purpose of the links. This includes captcha prompts.

k.     No redundant links where adjacent links go to the same URL address. When redundant links exist, it causes additional navigation and repetition for keyboard and screen-reader users.

l.     Portable Document Formats (PDFs) are accessible. When they are inaccessible, the visually impaired or blind individual cannot learn what information is on them.

m.     One or more keyboard operable user interface has a mode of operation where the keyboard focus indicator is discernible.

n.     Changing the setting of a user interface component does not automatically cause a change of content where the user has not been advised before using the component.

o.     The name and role of all user interface elements can be programmatically determined; items that can be set by the user can be programmatically

set; and/or notification of changes to these items are available to user agents, including assistive technology.

STATEMENT OF FACTS

Jack Parker, Its Websites And Its Websites' Barriers

14.    Jack Parker owns and manages buildings throughout the United States, including building at 34 Desbrosses Street, New York, New York ("Truffles"), 271 W. 47th Street, New York, New York ("The Biltmore") and 104-20 Queens Boulevard, Forrest Hills, New York ("Parker Towers"). It rents within these buildings, studio apartments, and apartments with one or more bedrooms.

15.    The Websites are heavily integrated with these buildings, serving as a gateway to them. Through the Websites, Jack Parker's tenants and prospective tenants are, *inter alia*, able to: learn information about the buildings, including their locations, apartment features and building amenities; view images and floorplans of the apartments; search availabilities; contact the leasing center and make an appointment.

16.    It is, upon information and belief, Jack Parker's policy and practice to deny Plaintiff Fischler and other blind or visually-impaired users access to its Websites, thereby denying the facilities and services that are offered and integrated with its apartment buildings. Due to its failure and refusal to remove access barriers to its Websites, Plaintiff Fischler and visually-impaired persons have been and are still being denied equal access to its apartment buildings and the numerous facilities, goods, services, and benefits offered to the public through its Websites.

17.    Plaintiff Fischler cannot use a computer without the assistance of screen-reading software. He is, however, a proficient screen-reader user and uses it to access the

Internet. He has visited the Websites on separate occasions using screen-reading software.

18.    During his visits to the Truffles Website, the last occurring on or about September 5, 2018, Plaintiff Fischler encountered multiple access barriers that denied him the full enjoyment of the facilities, goods, and services of the Website, and the facilities, goods, and services of the Truffles apartment building. Because of these barriers he was unable to, substantially equal to sighted individuals:

a.    Know what is on the Website. This is in part due to the non-text images lacking alt-text describing them. They are not tagged with descriptions, just file names, which are usually a very long string of numbers and or letters. Under "Amenities," the images are also file names, with names like "games1.jpg" and games2.jpg." Plaintiff Fischler encountered similar issues when trying to learn about neighborhood features. Images again have no alt-text. The screen reader lands on the first image for Odeon. The image is not tagged but the screen reader does read the text. However, to get to the next neighborhood feature, Plaintiff Fischler must tab through several things labeled "black circle" before he can get to the "Next" button."  Plaintiff Fischler was also unable to learn about available apartments. When he selected "Availabilities" from the main menu, he is taken to a page with an unlabeled frame and several unlabeled buttons. Images are labeled with a long string of number and there is an unlabeled widget. With assistance from a sighted user, he was able to get to information for apartment #904, but he was taken to a frame. To fully access information, Plaintiff Fischler required assistance from a sighted user, as some of the information is inside the frame while some is not. This made it very confusing for Plaintiff Fischler to navigate.

For apartment #904, there are ten images, which are all untagged. He selected "floorplan" but no new content was loaded. The sighted user, in comparison, is given a pop-up with the floorplan. While Plaintiff Fischler was able to access sample floorplans via the main menu link, they are not correlated with available apartments and require a blind user to take extra steps that a sighted user does not need to take.

   b. Navigate the Website. The screen reader has significant difficulty navigating this Websites. There was no heading navigation throughout the Websites, requiring Plaintiff Fischler to arrow through every element on the Websites to find the desired content. There are several unlabeled elements, including images, links, buttons and widgets. At one point, Plaintiff Fischler accidentally interacted with a bot, at which point he lost access to the main menu links.

   c. Plaintiff Fischler was unable to book an appointment.

  19. Plaintiff Fischler was denied full and equal access to the facilities and services Jack Parkers offers to the public on its Truffles Website because he encountered multiple accessibility barriers that visually-impaired people often encounter with non-compliant Website:

   a. Lack of alt-text for images.

   b. Pages have the same title, so the title cannot be used to distinguish pages. Every page on this Website is titled "Truffles: Luxury No Fee Apartments in Tribeca "

   c. Webpages have duplicate IDs.

   d. Webpages have markup errors.

20.     During his visits to the Parker Towers Website, the last occurring on or about September 5, 2018, Plaintiff Fischler encountered multiple access barriers that denied him the full enjoyment of the facilities, goods, and services of the Website, and the facilities, goods, and services of the apartment building. Because of these barriers he was unable to, substantially equal to sighted individuals:

a.     Know what is on the Website. This is in part due to the non-text images lacking alt-text describing them. They are not tagged with descriptions, just file names, which are usually a very long string of numbers and or letters. He could not access information on building amenities, because they were all depicted with images that were labeled only with the file name and no alt-text. When he tried to complete the form to learn more about the fitness center, he was given an audio captcha, which he could not hear and could not replay. When he tried to access sample floorplans from the Main Menu, he selected Residence A and was taken to a page with several untagged images, one of which was the floorplan. However, there was no alt-text provided. He was unable to access the floor plans for available apartments, because when he selected "Floorplan," nothing happened and no new content was loaded. The Website also has a chat function that Plaintiff Fischler could not access, because it was accessible via an unlabeled button.

b.     Navigate the Website. The screen reader had significant difficulty navigating this website. Plaintiff Fischler was unable to filter available apartments. He was unable to search for available apartments without the assistance of a sighted user. When he loaded the page, he was not aware that he had to interact with a frame until

instructed by the sighted user. Images were all labeled with file names, which included a long string of numbers. He was unaware that any accessible content had loaded until he was instructed to search for a frame, which included several unlabeled buttons. When he selected an available unit, he was required to interact with the poorly labeled frame in order to access images and floorplans. However, once accessed, the images lacked proper alt-text and the floorplan was inaccessible. Also, once he is on a page for an apartment, he loses main menu navigation and must return to the home page and start over. He also had difficulty interacting with the contact form. When he selects "Contact Us" from the main menu, he is given new content but the screen reader's focus is placed into the map and he cannot regain control of his screen reader. He was required to switch to form controls to get out of the map, but then the only information he could access was the "Send" button. By switching navigation mode, he was ultimately able to access the contact form, but the fields were not properly labeled. He had to arrow to the left of each text field to find the label and then arrow back to add the requisite information.  It was also difficult for Plaintiff Fischler to navigate within the website because every page has the same title: "Parker Towers No Fee Luxury Apartments: 104-20 Queens Blvd Forest Hills NY."

       c.      Plaintiff Fischler was unable to book a tour.

21.    Plaintiff Fischler was denied full and equal access to the facilities and services Jack Parkers offers to the public on its Parker Towers Website because he encountered multiple accessibility barriers that visually-impaired people often encounter with non-compliant Website:

       a.      Lack of alt-text for images.

b.      Pages have the same title, so the title cannot be used to distinguish pages. Every page on this website is titled "Parker Towers No Fee Luxury Apartments: 104-20 Queens Blvd Forest Hills NY.."

c.      Webpages have duplicate IDs.

d.      Webpages have markup errors.

22.      During his visits to The Biltmore Website, the last occurring on or about September 5, 2018, Plaintiff Fischler encountered multiple access barriers that denied him the full enjoyment of the facilities, goods, and services of the Website, and the facilities, goods, and services of the apartment building. Because of these barriers he was unable to, substantially equal to sighted individuals:

a.      Know what is on the Website. This is in part due to the non-text images lacking alt-text describing them. They are not tagged with descriptions, just file names, which are usually a very long string of numbers and or letters. He was unable to access the floor plans for available apartments, because when he selected "Floorplan," nothing happened and no new content was loaded. The Website also has a chat function that Plaintiff Fischler could not access, because it was accessible via an unlabeled button.

b.      Navigate the Website. The screen reader had significant difficulty navigating this website. Plaintiff Fischler was unable to filter available apartments. When he selected an available unit, he was required to interact with a poorly labeled frame in order to access images and floorplans. However, once accessed, the images lacked proper alt-text and the floorplan was inaccessible. Also, once he is on a page for an apartment, he loses main menu navigation and must return to the home page and start over. He also had difficulty interacting with the contact form. When he selects "Contact Us" from the

main menu, he is given a form. However, he screen reader focus is immediately directed to the bottom of the page. He must arrow back to the top to find the contact form. It was also difficult for Plaintiff Fischler to navigate within the website because every page has the same title: "thebiltmoreny.com."

      c.      Plaintiff Fischler was unable to book a tour.

23.     Plaintiff Fischler was denied full and equal access to the facilities and services Jack Parker offers to the public on The Biltmore Website because he encountered multiple accessibility barriers that visually-impaired people often encounter with non-compliant websites:

      a.      Lack of alt-text for images.

      b.      Pages have the same title, so the title cannot be used to distinguish pages. Every page on this website is titled "thebiltmoreny.com."

      c.      Webpages have duplicate IDs.

      d.      Webpages have markup errors.

Jack Parker Must Remove Barriers to Its Websites

24.     Due to the inaccessibility of its Websites, blind and visually-impaired customers such as Plaintiff Fischler, who need screen-readers, cannot fully and equally use or enjoy the facilities, goods, and services Jack Parker offers to the public on its Websites. The Websites' access barriers that Plaintiff Fischler encountered have caused a denial of his full and equal access in the past, and now deter him on a regular basis from accessing the Websites. These access barriers have likewise deterred him from visiting the apartment buildings and enjoying them equal to sighted individuals.

25.     If the Websites were equally accessible to all, Plaintiff Fischler could independently navigate it, learn about the buildings, including building and apartment amenities, search the listings and contact the leading office, as sighted users can.

26.     Through his attempts to use the Websites, Plaintiff Fischler has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

27.     Because simple compliance with the WCAG 2.0 Guidelines would provide Plaintiff Fischler and other visually-impaired consumers with equal access to the Websites, Plaintiff Fischler alleges that Jack Parker has engaged in acts of intentional discrimination, including, but not limited to, the following policies or practices:

        a.      Constructing and maintaining Websites that are inaccessible to visually-impaired individuals, including Plaintiff Fischler;

        b.      Failing to construct and maintain Websites that are sufficiently intuitive to be equally accessible to visually-impaired individuals, including Plaintiff Fischler; and,

        c.      Failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually impaired consumers, such as Plaintiff Fischler, as a member of a protected class.

28.     Jack Parker therefore uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others, as alleged herein.

29.     Title III of the ADA expressly contemplates the injunctive relief that Plaintiff Fischler seeks under 42 U.S.C. § 12188(a)(2).

-13-

30.     Because its Websites have never been equally accessible, and because Jack Parker lacks a corporate policy that is reasonably calculated to cause its Websites to become and remain accessible, Plaintiff Fischler seeks a permanent injunction under 42 U.S.C. § 12188(a)(2) requiring Truffles to retain a qualified consultant acceptable to Plaintiff Fischler to assist Jack Parker to comply with WCAG 2.0 guidelines for its Websites:

        a.     Remediating the Websites to be WCAG 2.0 compliant;

        b.     Training Jack Parker employees and agents who develop the Websites on accessibility compliance under the WCAG 2.0 guidelines;

        c.     Regularly checking the accessibility of the Websites under the WCAG 2.0 guidelines;

        d.     Regularly testing user accessibility by blind or vision-impaired persons to ensure that the Websites comply under the WCAG 2.0 guidelines; and,

        e.     Developing an accessibility policy that is clearly disclosed on the Websites, with contact information for users to report accessibility-related problems.

31.     Although Jack Parker may currently have centralized policies on maintaining and operating its Websites, it lacks a plan and policy reasonably calculated to make it fully and equally accessible to, and independently usable by, blind and other visually impaired consumers.

32.     Without injunctive relief, Plaintiff Fischler and other visually impaired consumers will continue to be unable to independently use the Websites, violating its rights.

33.     Jack Parker has, upon information and belief, invested substantial sums in developing and maintaining its Websites and has generated significant revenue from the Websites. These amounts are far greater than the associated cost of making its Websites equally accessible to visually impaired customers.

34.     Jack Parker has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

<u>CLASS ACTION ALLEGATIONS</u>

35.     Plaintiff Fischler seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access the Websites and as a result have been denied access to the equal enjoyment of goods and services offered in Truffles during the relevant statutory period ("Class Members").

36.     Plaintiff Fischler seeks to certify a State of New York subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the State of New York who have attempted to access the Websites and as a result have been denied access to the equal enjoyment of goods and services offered in the Truffles apartment building, during the relevant statutory period ("New York Subclass Members").

37.     Plaintiff Fischler seeks to certify a New York City subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the City of New York who have attempted to access the Websites and as a result have been denied access to the equal enjoyment of goods and services offered in the Truffles, Parker Towers and The Biltmore apartment buildings, during the relevant statutory period ("New York City Subclass Members").

38.     Common questions of law and fact exist amongst the Class Members, New York Subclass Members and New York City Subclass Members:

a.      Whether the Truffles, Parker Towers and The Biltmore apartment buildings are places of "public accommodation";

b.      Whether the Websites are a "public accommodation" or a service or good "of a place of public accommodation" under Title III of the ADA;

c.      Whether the Websites are a "place or provider of public accommodation" or an "accommodation, advantage, facility or privilege" under the NYSHRL or NYCHRL;

d.      Whether the Websites deny the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating Title III of the ADA; and

e.      Whether the Websites deny the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the NYSHRL or NYCHRL.

39.     Plaintiff Fischler's claims are typical of the Class Members, New York Subclass Members and New York City Subclass Members: they are all severely visually impaired or otherwise blind, and claim that Jack Parker has violated Title III of the ADA, NYSHRL or NYCHRL by failing to update or remove access barriers on its Websites so it can be independently accessible to the visually impaired individuals.

40.     Plaintiff Fischler will fairly and adequately represent and protect the Class and Subclasses' interests because he has retained and is represented by counsel competent and experienced in complex class action litigation, and because he has no

interests antagonistic to the Class or Subclasses. Class certification of the claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Jack Parker has acted or refused to act on grounds generally applicable to the Class and Subclasses, making appropriate both declaratory and injunctive relief with respect to Plaintiff, the Class and Subclasses.

41.     Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because fact and legal questions common to Class and Subclass Members predominate over questions affecting only individuals, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

42.     Judicial economy will be served by maintaining this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

<u>FIRST CAUSE OF ACTION</u>
VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.*

43.      Plaintiff Fischler, individually and on behalf of the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

44.     Title III of the ADA prohibits "discriminat[ion] on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

45.     The Truffles, Parker Towers and The Biltmore apartment buildings are public accommodations under Title III of the ADA, 42 U.S.C. § 12181(7). Their

Websites are a service, privilege, or advantage of the apartment buildings. The Websites are a service that is integrated with those buildings.

46.     Under Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

47.     Under Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

48.     Under Title III of the ADA, unlawful discrimination also includes, among other things:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

49.     These acts violate Title III of the ADA, and the regulations promulgated thereunder. Plaintiff Fischler, who is a member of a protected class of persons under Title III of the ADA, has a physical disability that substantially limits the major life activity of

sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, he has been denied full and equal access to the Websites, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons.

50.     Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff Fischler requests the relief as set forth below.

SECOND CAUSE OF ACTION
VIOLATIONS OF THE NYSHRL

51.     Plaintiff Fischler, individually and on behalf of the New York Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

52.     The Truffles, Parker Towers and The Biltmore State of New York apartment buildings constitute sales establishments and public accommodations under N.Y. Exec. Law § 292(9). The Websites are a service, privilege or advantage of Truffles, Parker Towers and The Biltmore buildings. The Websites are a service that is by and integrated with these apartment buildings.

53.     Jack Parker is subject to NYSHRL because it owns and operates its Truffles, Parker Towers and The Biltmore New York apartment buildings and the Websites. Jack Parker is a "person" within the meaning of N.Y. Exec. Law § 292(1).

54.     Jack Parker is violating the NYSHRL in refusing to update or remove access barriers to its Websites, causing its Websites and the services integrated with its Truffles, Parker Towers and The Biltmore New York apartment buildings to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and

equal access to the facilities, goods and services that Truffles makes available to the non-disabled public. N.Y. Exec. Law §§ 296(2)(a), 296(2)(c)(i), 296(2)(c)(ii).

55.    Readily available, well-established guidelines exist on the Internet for making Websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities and government agencies in making their Websites accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make its Websites accessible would neither fundamentally alter the nature of its business nor result in an undue burden to them.

56.    Jack Parker's actions constitute willful intentional discrimination against the class because of a disability, violating the NYSHRL, N.Y. Exec. Law § 296(2), in that Truffles has:

   a.    Constructed and maintained Websites that are inaccessible to Class Members with knowledge of the discrimination; and/or

   b.    Constructed and maintained Websites that are sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

   c.    Failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

57.    Jack Parker discriminates, and will continue in the future to discriminate against Plaintiff Fischler and New York Subclass Members on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Websites and its New York apartment buildings under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court

enjoins Jack Parker from continuing to engage in these unlawful practices, Plaintiff and the New York Subclass Members will continue to suffer irreparable harm.

58.     As Jack Parker's actions violate the NYSHRL, Plaintiff Fischler seeks injunctive relief to remedy the discrimination, compensatory damages, civil penalties and fines under N.Y. Exec. Law § 297(4)(c) *et seq.* for every offense, and reasonable attorneys' fees and costs.

<u>THIRD CAUSE OF ACTION</u>
VIOLATIONS OF THE NYCHRL

59.     Plaintiff Fischler, individually and on behalf the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

60.     The Truffles, Parker Towers and The Biltmore New York City buildings are sales establishments and public accommodations under the NYCHRL, N.Y.C. Admin. Code § 8-102(9), and its Websites are services that are integrated with those establishments.

61.     Jack Parker is subject to NYCHRL because it owns and operates its Truffles New York City apartment building and its Websites, making it a person within the meaning of N.Y.C. Admin. Code § 8-102(1).

62.     Jack Parker is violating the NYCHRL in refusing to update or remove access barriers to Websites, causing its Websites and the services integrated with its New York City apartment building to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Truffles makes available to the non-disabled public. N.Y.C. Admin. Code §§ 8-107(4)(a), 8-107(15)(a).

63.     Jack Parker's actions constitute willful intentional discrimination against the Subclass because of a disability, violating the NYCHRL, N.Y.C. Admin. Code § 8-107(4)(a) and § 8-107(15)(a,) in that it has:

a.      Constructed and maintained Websites that are inaccessible to blind class members with knowledge of the discrimination; and/or

b.      Constructed and maintained Websites that are sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

c.      Failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

64.     As such, Jack Parker discriminates, and will continue in the future to discriminate against Plaintiff Fischler and the New York City Subclass Members because of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of its Websites and its establishments under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Jack Parker from continuing to engage in these unlawful practices, Plaintiff and the New York City Subclass will continue to suffer irreparable harm.

65.     As Jack Parker's actions violate the NYCHRL, Plaintiff Fischler seeks injunctive relief to remedy the discrimination, compensatory damages, civil penalties and fines for each offense, and reasonable attorneys' fees and costs. N.Y.C. Admin. Code §§ 8-120(8), 8-126(a).

FOURTH CAUSE OF ACTION
DECLARATORY RELIEF

66.     Plaintiff Fischler, individually and on behalf the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

67.     An actual controversy has arisen and now exists between the parties in that Plaintiff Fischler contends, and is informed and believes that Jack Parker denies, that its Websites contain access barriers denying blind customers the full and equal access to the goods, services and facilities of its Websites and by extension its Truffles, Parker Towers and The Biltmore apartment buildings, which Jack Parker owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.* prohibiting discrimination against the blind.

68.     A judicial declaration is necessary and appropriate now in order that each of the parties may know its respective rights and duties and act accordingly.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Fischler respectfully requests this Court grant the following relief:

a.     A preliminary and permanent injunction to prohibit Jack Parker from violating Title III of the ADA, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Admin. Code § 8-107, *et seq*., and the laws of New York;

b.     A preliminary and permanent injunction requiring Jack Parker to take all the steps necessary to make its Websites into full compliance with the requirements set forth in Title III of the ADA, and its implementing regulations, so that the Websites are readily accessible to and usable by blind individuals;

c.     A declaration that Jack Parker owns, maintains and/or operates the Websites in a manner that discriminates against the blind and which fails to provide

access for persons with disabilities as required by ADA, 42 U.S.C. §§ 12182, *et seq.,*
N.Y. Exec. Law § 296, *et seq.*, N.Y.C. Admin. Code § 8-107, *et seq.*, and the laws of
New York

       d.     An order certifying the Class and Subclasses under Fed. R. Civ. P.
23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and his
attorneys as Class Counsel;

       e.     Compensatory damages in an amount to be determined by proof,
including all applicable statutory damages, punitive damages and fines;

       f.     Pre- and post-judgment interest;

       g.     An award of costs and expenses of this action together with
reasonable attorneys' and expert fees; and

       h.     Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Fischler demands a trial by jury on all
questions of fact the Complaint raises.

Dated: New York, New York
       September 13, 2018

LIPSKY LOWE LLP


s/ Douglas B. Lipsky
Douglas B. Lipsky
Christopher H. Lowe
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
212.392.4772
doug@lipskylowe.com
chris@lipskylowe.com